UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-1128-DMG (JEMx) | Date | March 9, 2022 |
| Title | *Universal Garment Wash and Dye, LLC v. Evanston Insurance Company, et al.* | Page | 1 of 2 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO THE LOS ANGELES COUNTY SUPERIOR COURT**

On September 30, 2020, Plaintiff Universal Garment Wash & Dye, LLC initiated an action in Los Angeles County Superior Court asserting a single claim for professional negligence by an insurance broker against Susan Sirkin, an insurance broker who conducts business as "Sirkin Insurance Agency." Complaint [Doc. # 1-2]. On November 18, 2021, Plaintiff dismissed Sirkin. Request for Dismissal [Doc. # 1-3] (seeking dismissal of Plaintiff's complaint "as to Susan Sirkin dba Sirkin Insurance Agency ONLY").

On December 14, 2021, Plaintiff filed a First Amended Complaint ("FAC") in Los Angeles County Superior Court asserting a claim against Sirkin for professional negligence and claims against Evanston Insurance Company for breach of contract, intentional misrepresentation, and negligent misrepresentation. FAC [Doc. # 1-1]. Evanston was served with the FAC on January 21, 2022. Notice of Removal ("NOR") at 2 [Doc. # 1].[1] On February 18, 2022, Evanston removed to this Court, invoking diversity jurisdiction. NOR at 2.

Plaintiff is a limited liability company organized in California. FAC ¶ 1; NOR at 5. Evanston is a corporation organized and incorporated in Illinois, with its principal place of business in Illinois. NOR at 5. Plaintiff and Evanston both identify Sirkin as a California resident. FAC ¶ 2; NOR at 2.

Evanston invokes diversity jurisdiction on the basis that Sirkin has been dismissed from the case, and the only remaining parties (Plaintiff and Evanston) are completely diverse.

---

[1] Page numbers cited herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-1128-DMG (JEMx) | Date | March 9, 2022 |
|---|---|---|---|
| Title | *Universal Garment Wash and Dye, LLC v. Evanston Insurance Company, et al.* | Page | 2 of 2 |

Evanston asserts in its NOR that Plaintiff's counsel reiterated on February 3, 2022, *after* the FAC was filed, that Sirkin was dismissed from the case, even though the FAC—which asserts claims against Sirkin—was filed after Plaintiff filed its request to dismiss Sirkin from the state court action. *See* NOR at 4.

Evanston asserts Plaintiff is a limited liability company "with its principal place of business within the County of Los Angeles." NOR at 5. Limited liability companies are citizens of every state or country in which their owners or members are citizens. *See Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Evanston's NOR does not establish the citizenship of Plaintiff's owners or members.

Evanston also notes that it removed to this Court more than one year after Plaintiff filed its action in state court, but contends that either the bad faith exception or the "revival" exception excuse this delay.[2]

In light of Evanston's failure to establish the citizenship of Plaintiff's owners or members in its NOR, Evanston is **ordered to show cause** in writing by no later than **March 23, 2022** why this action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction. To the extent Plaintiff wishes to file a response to Evanston's arguments regarding the timeliness of Evanston's removal or Evanston's assertions regarding whether Sirkin remains a defendant in this action, Plaintiff may also file its response by **March 23, 2022**.

**IT IS SO ORDERED.**

---

[2] In general, a case may not be removed to federal court on the basis of diversity jurisdiction more than one year after it is commenced. 28 U.S.C. § 1446(c)(1). The statute creates an exception, however, to allow removal if the district court "finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id*. Some courts also recognize a "so-called 'revival exception,'" by which the right to remove is "revived" "where the plaintiff files an amended complaint that so changes the nature of [the] action as to constitute substantially a new suit begun that day." *Dunn v. Gaiam, Inc.*, 166 F. Supp. 2d 1273, 1279 (C.D. Cal. 2001) (citing *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989)). Although the Ninth Circuit has not addressed the revival exception, other circuits have recognized the exception where an amended pleading so substantially alters the nature of the case that a defendant who had previously waived removal is re-afforded the opportunity to remove. *See, e.g., Johnson v. Heublein Inc.*, 227 F.3d 236, 241-42 (5th Cir. 2000); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) ("[W]e have no occasion to decide whether to join other circuits in recognizing a 'revival exception.'"). Evanston was not added as a defendant until after the one-year period had expired, and therefore had no opportunity to waive removal.